UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KI VENTURES, LLC, | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| FRY'S ELECTRONICS, INC. and | ) | JURY TRIAL DEMANDED |
| CTA DIGITAL, INC., | ) | |
| **Defendants.** | ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

KI Ventures, LLC files this Original Complaint and demand for jury trial seeking relief from patent infringement by CTA Digital, Inc. and Fry's Electronics, Inc. alleging as follows:

**THE PARTIES**

1. Plaintiff KI Ventures, LLC ("KI Ventures") is a Texas Limited Liability Company, with its principal place of business located in this District at 15040 Fairfield Village Sq #280, Cypress TX 77433, with a mailing address of PO Box 1906 Cypress TX 77410-1906.

2. On information and belief, Defendant CTA Digital, Inc. ("CTA") is a New York corporation, with its principal place of business at 9 Sunrise Dr., Monsey, NY 10952-3306. Defendant CTA may be served with process by serving the Texas Secretary of State, as it maintains no registered agent in Texas.

3. On information and belief, Defendant Fry's Electronics, Inc. ("Fry's") is a California Corporation, with its principal place of business at 600 E Brokaw Rd., San Jose, CA 95112-1006. Defendant Fry's may be served with process by serving its registered agent at Glenn Ballard, 711 Louisiana St., Suite 2300, Houston, TX 77002-2770.

**JURISDICTION AND VENUE**

4.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over CTA because CTA has purposely availed itself of the laws of this State by sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this judicial district and because CTA has committed acts of patent infringement within the State of Texas and within this judicial district.

6.    This Court has personal jurisdiction over Fry's because Fry's has purposely availed itself of the laws of this State by sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this judicial district and because CTA has committed acts of patent infringement within the State of Texas and within this judicial district.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**INFRINGEMENT**

8.    On May 27, 2003, United States Patent No. 6,569,019 ("the '019 patent") entitled "Weapon Shaped Virtual Reality Character Controller" was duly and leally issued by the United States Patent and Trademark Office. KI Ventures owns the '019 patent by assignment.

9.    CTA manufactures, offers for sale, and sells video game controllers, including, among others, CTA controllers:

1. Sniper Rifle
   a.   Part #:  PSM-MSR
   b.   UPC: 65677011505
2. Sub Machine Gun
   a.   Part #: PSM-SMG
   b.   UPC: 656777011307
3. US Army Assault Rifle
   a.   Part #: US-EFR

      b.    UPC: 656777012472
4. Assault Rifle
   a. Part #: PSM-SRM
   b. UPC: 656777011468
5. Sniper Rifle
   a. Part #: US-SAR
   b. UPC: 656777012366 (collectively "Infringing Video Game Controllers")

10. In doing so CTA infringes one or more claims of the '019 patent, literally or under the doctrine of equivalents. CTA directly infringes by using the controller and making it available to advertisers and consumers. CTA induces infringement by consumers and advertisers by encouraging them to use its controller. CTA contributorily infringes by providing controllers to consumers.

11. On information and belief, CTA will continue to infringe the '019 patent unless and until it is enjoined by this Court.

12. CTA has caused and will continue to cause KI Ventures irreparable injury and damage by infringing the '019 patent. KI Ventures will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until CTA is enjoined from infringing the '019 patent.

13. Fry's offers for sale and sells[1] video game controllers, including, among others, CTA controllers:

1. Sniper Rifle
   a. Part #: PSM-MSR
   b. UPC: 65677011505
2. Sub Machine Gun
   a. Part #: PSM-SMG
   b. UPC: 656777011307
3. US Army Assault Rifle
   a. Part #: US-EFR
   b. UPC: 656777012472
4. Assault Rifle
   a. Part #: PSM-SRM
   b. UPC: 656777011468
5. Sniper Rifle

---

[1] Fry's did sell one or more Infringing Video Game Controllers to representatives of KI Ventures in Houston, Texas.

    a.    Part #: US-SAR
    b.    UPC: 656777012366.

14. In doing so Fry's infringes one or more claims of the '019 patent, literally or under the doctrine of equivalents. Fry's directly infringes by using the controller and making it available to advertisers and consumers. Fry's induces infringement by consumers and advertisers by encouraging them to use its controller. Fry's contributorily infringes by providing controllers to consumers.

15. On information and belief, Fry's will continue to infringe the '019 patent unless and until it is enjoined by this Court.

16. Fry's has caused and will continue to cause KI Ventures irreparable injury and damage by infringing the '019 patent. KI Ventures will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Fry's is enjoined from infringing the '019 patent.

## PRAYER FOR RELIEF

WHEREFORE, KI Ventures respectfully requests that this Court:

1. Enter judgment that CTA ad Fry's have infringed the '019 patent;

2. Enter an order permanently enjoining CTA and Fry's and its officers, agents, employees, Attorneys, and all persons in active conceit or participation with any of them, from infringing the '019 patent;

3. Award KI Ventures damages in an amount sufficient to compensate it for CTA's and Fry's infringement of the '019 patent, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

4. Award KI Ventures an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

5. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award KI Ventures its attorneys' fees, expenses, and costs incurred in this action; and,

6. Award KI Ventures such other and further relief as this Court deems just and proper.

## JURY DEMAND

KI Ventures hereby requests a trial by jury on issues so triable by right.

Dated: May 15, 2013                               Respectfully submitted,

**Ramey & Browning, PLLC**

By: /s/ William P. Ramey, III
    William P. Ramey, III
    Texas Bar No. 24027643
    Federal Bar No. 27206
    5020 Montrose Blvd., Suite 750
    Houston, Texas 77006
    (713) 426-3923 (telephone)
    (832) 900-4941 (fax)
    wramey@rameybrowning.com

**Attorneys for Array Holdings Inc.**